**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

July 25, 2024

## LETTER ORDER

Re: *Kosher Supervision Service Inc. v. Coney Island Sweets Inc.*
      Civil Action No. 22-6366 (ES) (SDA)

Dear counsel,

On April 28, 2023, the Clerk of Court entered default against Defendant Coney Island Sweets Inc. in this action. The Court is in receipt of Plaintiff's Motion for Default Judgment. (D.E. No. 11). Because the motion does not comply with the requirements outlined herein and in the Court's order dated May 1, 2023 (D.E. No. 7), the Clerk of the Court is directed to TERMINATE Docket Entry number 11. Specifically, Plaintiff has wholly failed to address (i) jurisdiction or (ii) service.

As addressed in the Court's prior order entered on May 1, 2023 (D.E. No. 7), there are various factors that must be addressed in support of any motion for default judgment.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A court does not accept as true allegations pertaining to the amount of damages." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation omitted). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Id.* (quotation

marks and textual modifications omitted).

Accordingly, when moving for default judgment, the Court hereby orders Plaintiff to submit a renewed brief with any materials in support of the default-judgment motion—which *specifically addresses each of the above factors* in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points. The brief may omit a table of contents and table of authorities.

To be sure, any such motion for default judgment must still be filed as a motion and comport with the requirements of this District's Local Civil Rule 7.1 (e.g., Notice of Motion)—except for Rule 7.1(d)(4) and Rule 7.1(g).

**SO ORDERED.**

Dated: July 25, 2024

*Esther Salas*
**Hon. Esther Salas, U.S.D.J.**